## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

JUSPRAE BLESSINS,

    Plaintiff,

V.

MEGAN J. BRENNAN
POSTMASTER GENERAL
U.S. POSTAL SERVICE,

    Defendant.

CIVIL ACTION FILE NO.

4-19-CV-290

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Jusprae Blessins hereby files this Complaint against Defendant Megan J. Brennan, Postmaster General, U.S. Postal Service.

## I. JURISDICTION AND VENUE

1.    This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Counts I-II of this Complaint, which arise out of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), et seq. (Title VII).

2.    This Court has jurisdiction over the parties of this action because the employment practices took place in Polk County, Iowa.

3.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II. PARTIES

4.    Plaintiff is a citizen of the United States and a resident of Iowa.

5.    Defendant is an Agency of the United States of America.

6.    Defendant is subject to the requirements of Title VII.

### III. FACTUAL ALLEGATIONS

7.    At all times relevant to this matter, Ms. Blessins worked as a Postal Service Employee (PSE), Sales, Services, and Distribution Associate (SSDA).

8.    During the period of September 2016 through February 2017, Ms. Blessins worked at Beaverdale Station, a U.S. Postal Service location.

9.    During the same time period, Ms. Blessins was supervised by Mr. Andrew Jasinksi, Supervisor of Customer Service.

10.    In September 2016, Ms. Blessins observed Mr. Jasinski staring at her for extended periods of time, primarily focusing on her backside.

11.    Also in September 2016, Ms. Blessins observed Mr. Jasinski following her around the office for no apparent reason.

12.    Upon information and belief, Mr. Jasinksi did not follow other employees around the office.

13.    As of September 2016, Beaverdale Station employed approximately 20-25 men and 4 women.

14.    As of September 2016, Ms. Blessins was the only African-American female working at Beaverdale Station.

15.    In October 2016, while Ms. Blessins worked in the P.O. Box room at Beaverdale Station, Mr. Jasinski stood blocking the only exit to the room.

16.    While standing at the exit, Mr. Jasinski told Ms. Blessins to "bend over" and stared at her backside.

17.    For approximately 2-3 minutes, Mr. Jasinski continued to stare at Ms. Blessins and smiled at her.

18.    Approximately one week after the incident in the P.O. box room, Ms. Blessins complained to Mr. Wayne Haberman (Manager of Customer Service at Beaverdale Station), regarding Mr. Jaskinski's inappropriate behavior.

19.    Upon information and belief, Mr. Jasinski was not disciplined for his conduct towards Ms. Blessins.

20.    From October 2016 through February 2017, Mr. Jasinski continued to stare at Ms. Blessins and follow her around the office.

21.    During that same timeframe, Ms. Blessins complained to Mr. Adam Griswald (Acting Postmaster), on at least 20 separate occasions regarding Mr. Jasinski's conduct towards her.

22.    On or about February 14, 2017, Mr. Griswald told Ms. Blessins that she would be transferred West Suburban Station, a U.S. Postal Service Location.

23.    That same day, Mr. Griswald also told Ms. Blessins said that if "anything else happened with your name in it, I will personally walk up and terminate you."

24.    From the date of Ms. Blessins' transfer until May 20, 2017, Mr. Jasinski called West Suburban Station several times per month to request that Ms. Blessins be given a temporary assignment at Beaverdale Station, where Mr. Jasinski continued to work.

25.    On or about May 20, 2017, Mr. Jasinski transferred to West Suburban Station as a Supervisor.

26.     During his time as Ms. Blessins' supervisor at West Suburban Station, Mr. Jasinski changed Ms. Blessins' work hours from early in the day to later in the day, when fewer PSE's were on the schedule.

27.     On several occasions in June and July 2017, Ms. Blessins complained to Mr. Griswold that Mr. Jasinksi wanted to isolate her.

28.     On or about June 12, 2017, Mr. Jasinski sent Ms. Blessins home early and recorded her as AWOL.

29.     On or about June 19, 2017, Mr. Jasinski stood next to Ms. Blessins, who was seated, and put his private area close to Ms. Blessins' face.

30.     Ms. Blessins complained about this incident to upper management.

31.     On or about July 29, 2017, Ms. Blessins was told she would be taken off the schedule at West Suburban Station.

32.     On or about August 14, 2017, Ms. Blessins was transferred to University Station.

33.     On or about September 2, 2017, Mr. Jasinski was given a temporary assignment at University Station.

34.     On or about September 16, 2017, Mr. Serges Attivi, Manager of Customer Service at University Station, sent Ms. Blessins home early without reason.

35.     Upon information and belief, Mr. Attivi is a close friend of Mr. Jasinksi and had knowledge of Ms. Blesssins' complaints against Mr. Jasinksi.

36.     In September 2017, Ms. Blessins submitted an informal EEO complaint regarding Mr. Jasinski.

37.    On or about October 13, 2017, Mr. Attivi told Ms. Blessins that he would only assign her 4 hours per day.

38.    From October 13, 2017, until December 29, 2017, Mr. Attivi continued to assign Ms. Blessins 4 hours per day of work.

39.    Between September 2017 through December 29, 2017, Ms. Blessins submitted numerous complaints to upper management regarding Mr. Attivi.

40.    In these complaints, Ms. Blessins shared her belief Mr. Attivi was retaliating against her because of her complaints against Mr. Jasinski.

41.    On December 29, 2017, Ms. Blessins was terminated.

## IV. CLAIMS FOR RELIEF

### COUNT I: TITLE VII GENDER DISCRIMINATION (SEXUAL HARASSMENT)

42.    Plaintiff incorporates by reference paragraphs 1-41 of her Complaint as if fully set forth herein.

43.    Plaintiff belonged to a protected group by virtue of her gender.

44.    Plaintiff was subject to unwelcome harassment by Mr. Jasinski. *See paras. 10-11, 15-18, 20, 24, 26-29.*

45.    A causal nexus exists between the unwelcome harassment and Plaintiff's gender.

46.    Mr. Jasinski's harassment of Plaintiff affected the terms and conditions of her employment.

47.    Despite mutliple complaints by Plaintiff, Defendant failed to exercise reasonable care to prevent and correct any sexually harassing behavior.

### COUNT II: TITLE RETALIATION

48.    Plaintiff incorporates by reference paragraphs 1-47 of her Complaint as if fully set forth

herein.

49.     Plaintiff made a protected disclosure when she filed an EEO complaint against Mr. Jasinski.

50.     Plaintiff made numerous protected disclosures when she complained to management about Mr. Jasinski's treatment of her.

51.     Plaintiff made several protected disclosures when she complained to management about Mr. Attivi's treatment of her.

52.     Defendant terminated Plaintiff on December 29, 2017.

53.     The temporal proximity between Plaintiff's protected activity and the termination is circumstantial evidence of causation.

54.     The facts surrounding Plaintiff's termination also support a finding of causation. *See paras.*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

a.  Trial by jury;

b.  A finding that Defendant violated Plaintiff's rights as set forth herein;

c.  Full back pay plus interest, front pay, compensatory damages, punitive damages, reasonable attorney fees, and costs in accordance with Title VII to exceed $25,000; and

d.  Any other relief this Court deems proper and just.

Date: September 11, 2019

Jusprae Blessin, Plaintiff

## JURY DEMAND

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.